# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

LARRY D. BILLIAN,        )
                               )
v.                             )     Cause No.: 1:08-CR-31
                               )               1:13-CV-251
UNITED STATES OF AMERICA   )
                               )

## OPINION AND ORDER

Presently before the court is Petitioner, Larry D. Billian's ("Billian's"), "Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" [DE 110] filed on August 26, 2013. The Government responded on September 24, 2013 to which Billian replied on October 11, 2013. For the following reasons, Billian's Motion will be DENIED.

## Discussion

On March 27, 2008, Billian was charged by way of a three count federal indictment for violations of 21 U.S.C. §841(a)(1) (possession of marijuana with intent to distribute); 18 U.S.C. §924(c) (possession of a firearm in furtherance of drug trafficking activity); and 21 U.S.C. §856(a)(1) (maintaining a place for the purpose of distributing drugs). Subsequently, Billian entered into a written conditional guilty plea to all three counts of the indictment. As part of that contract, Billian voluntarily waived his rights to bring a petition pursuant to § 2255 (or to challenge his sentence by way of any other post-conviction proceeding). The plea agreement contained the following provision:

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed, I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with this understanding and in consideration of the

government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction, with the exception of my preservation of the right to appeal the denial of my pretrial motion to suppress which motion was denied by an Opinion dated March 18, 2009, and my sentence and any restitution order imposed or the manner in which my conviction or my sentence or the restitution order was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under 18 U.S.C. § 3742 or any post-conviction proceeding, including but not limited to, a proceeding under 28 U.S.C. § 2255.

Docket at 56, Plea Agreement, ¶ 7(d). Billian was eventually sentenced to 130 months imprisonment. After a partially successful appeal, Billian's sentence was modified to a term of 120 months imprisonment. In his present §2255 petition, Billian challenges the sentence imposed contending that he was sentenced under the wrong statutory provision, and, based upon the recent holding by the Supreme Court in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), he should be resentenced.[1]

The Government states that Billian has not challenged any aspect of his guilty plea or his counsel's performance regarding the negotiation of this waiver provision; as a result, Billian cannot file a § 2255 petition in violation of this provision. Government's Response, p. 2. The government correctly points out that such waivers are generally enforceable and "'the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver.'" *Id.* (quoting *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir.

---

[1] In that case, the Justices concluded that any fact that increases the mandatory minimum sentence for a crime must be submitted to a jury. Recently, in *Simpson v. United States*, ___ F.3d ___, 2013 WL 3455876 (7th Cir. July 10, 2013), the Seventh Circuit denied a petitioner's collateral attack on his conviction holding that *Alleyne* is not retroactive on collateral review. *Id.* at *1. Thus, even absent the appeal waiver, no relief would be afforded to Billian at this time since this circuit's holding in *Simpson*.

2000) (citing *Jones v. United States*, 167 F.3d 1142, 1144-46 (7ᵗʰ Cir. 1999)). A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, *United States v. Cook,* 406 F.3d 485, 487 (7ᵗʰ Cir. 2005), when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement, *Mason,* 211 F.3d at 1069, or when the sentence is greater than the statutory maximum sentence for the offense of conviction. *United States v. Bownes,* 405 F.3d 634, 637 (7ᵗʰ Cir. 2005). Since, as the government states, Billian has not challenged any aspect of his guilty plea, his plea agreement, or his counsel's performance, he is precluded from filing the present motion and it must be dismissed for that reason.

Moreover, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.' " *Miller-El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Thus, no certificate of appealability shall issue.

**Conclusion**

Based on the foregoing, Billian's "Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" [DE 110] is DENIED.  In addition, no Certificate of Appealability shall issue in this case.

SO ORDERED.  This 30th day of October 2013.

s/ William C. Lee
United States District Court